UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN B. HEARN,

                                  Plaintiff,

   -against-

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF TRANSPORTATION, UNITED STATES MERCHANT MARINE ACADEMY, MICHAEL STROUD, JAMES A. HELIS and JOHN DOES 1-10,

                                 Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-3703 (ADS) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court is Defendants' United States of America, United States Department of Transportation, United States Merchant Marine Academy (the "Academy"), Michael Stroud ("Stroud"), and James A. Helis ("Helis") (collectively "Defendants") motion to stay discovery. *See* Docket Entry ("DE") [21]. By way of Complaint filed June 19, 2017, Plaintiff John B. Hearn ("Hearn" or "Plaintiff") commenced this action for declaratory and injunctive relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et. seq.*, and the Due Process Clause of the Fifth Amendment of the U.S. Constitution. *See* Complaint ("Compl."), DE [1]. Further, Plaintiff seeks to hold Defendants Stroud and Helis liable pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), which permits suits against federal employees for violations of federal constitutional rights. *See id.* ¶ 2.

Approximately nine months later, Defendants now seek to stay discovery pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c) pending disposition of their forthcoming motion for summary judgment, which Plaintiff opposes. *See* DE [21, 22]. For the reasons set forth herein, Defendants' motion is denied.

**I. BACKGROUND**

The Court provides a summary of facts relevant only to Defendants' motion to stay discovery. This action arises out of Plaintiff's expulsion from the Academy, which is an educational institution tasked with training United States Merchant Marine officers. *See* Compl. ¶¶ 1, 11. Defendants Stroud and Helis are the Commandant and Superintendent of the Academy, respectively. *See id.* ¶¶ 11-12. In July 2014, Hearn enrolled in the Academy with an expected 2018 graduation date. *See id.* ¶ 13.

On December 18, 2015, Plaintiff allegedly engaged in improper conduct and was disciplined for a violation of the Academy's regulations. *See id.* ¶¶ 17-19. Because of this incident, certain Academy staff members purportedly developed a discriminatory animus towards Hearn. *See id.* ¶ 29. Hearn continued with his studies, but in 2016, he was placed on academic probation and "set back" to the Class of 2019. *See id.* ¶¶ 41-43. On March 8, 2017, Plaintiff was informed that he had satisfied the terms of his academic probation. *See id.* ¶ 51.

However, Hearn shortly thereafter failed a project and, on May 10, 2017, was notified that the Academic Review Board (the "ARB") and the Dean had recommended his dismissal from the Academy. *See id.* ¶ 60. Plaintiff claims that the

dismissal proceedings were inappropriately based on residual hostility emanating from his 2015 disciplinary incident. *See id.* ¶ 65. In support, Hearn states that his scholastic achievement was sufficient to avoid academic disenrollment as he estimates that his total grade point average was far above the required minimum. *See id.* ¶ 59. Plaintiff scheduled a hearing to appeal the recommendation, but was denied the opportunity to submit a statement explaining the academic deficiency or review his previously-graded course materials in violation of the Academy's internal procedures. *See id.* ¶¶ 61-63. During the hearing, Helis specifically referenced the December 18, 2015 incident and denied the appeal, thereby dismissing Hearn from the Academy. *See id.* ¶¶ 64, 73.

Based on the allegations above, Plaintiff commenced this action seeking declaratory and injunctive relief pursuant to the APA and the Due Process Clause of the Fifth Amendment of the U.S. Constitution.[1] *See* DE [1]. Defendants interposed an Answer, *see* DE [11], and this Court thereafter entered a Scheduling Order setting forth various discovery deadlines. *See* DE [16]. After approximately nine months of litigation, the parties requested a pre-motion conference seeking permission to submit their respective motions for summary judgment, which is currently scheduled for April 18, 2018. *See* DE [19]. In the interim, Defendants now move this Court to stay discovery pending the resolution of their summary judgment motion practice or, in the alternative, that discovery be stayed until the pre-motion conference.

---

[1] Hearn asserts both a substantive and procedural due process claim. *See generally* Compl.

## II. DISCUSSION

For the reasons set forth below, Defendants' motion is denied. Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for "good cause" shown. *See Abbott Labs. v. Adelphia Supply USA*, No. 2015-cv-5826, 2016 WL 4148323, at *1 (E.D.N.Y. Aug. 4, 2016). However, it is well-settled that "the mere filing of a dispositive motion does not, by itself, provide good cause." *Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*, No. 14-cv-3307, 2015 WL 7756122, at *2 (E.D.N.Y. Dec. 1, 2015). "Instead, district courts have considered the following factors in determining whether a stay of discovery is appropriate pending the outcome of a dispositive motion: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (internal citations omitted). Applying these factors, the Court finds that Defendants have failed to demonstrate sufficient "good cause" to warrant a stay of discovery.

Regarding the first factor, the Court is unable to conclude that Plaintiff's claims are unmeritorious. Significant to Hearn's procedural due process claim, there are "far less stringent procedural requirements" for dismissals based on academic issues as compared to disciplinary incidents. *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 191-92 (2d Cir. 2015) (quoting *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 86, 98 S. Ct. 948, 952 (1978)). In the context of academic dismissals, a student is afforded procedural due process where (1) the school has "fully informed the student of the faculty's dissatisfaction [ . . . ] and the danger

4

that this posed to timely graduation and continued enrollment," and (2) the ultimate decision to dismiss the student was careful and deliberate." *Dean*, 804 F.3d at 191 (internal quotations omitted). In contrast, disciplinary disenrollment entitles a student to "oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Horowitz*, 435 U.S. at 85, 98 S. Ct. at 952 (quoting *Goss v. Lopez*, 419 U.S. 565, 581, 95 S.Ct. 729, 740 (1975)). To that end, procedural due process contemplates an "opportunity [for the student] to characterize his conduct and put it in what he deems the proper context." *Horowitz*, 435 U.S. at 86, 98 S. Ct. at 953 (quoting *Goss*, 419 U.S. at 584, 95 S. Ct. at 741).

Here, Hearn alleges that his disenrollment was disciplinary in nature and based, in part, upon his December 18, 2015 incident. In support, Plaintiff claims that he was denied both the opportunity to submit a deficiency statement and review his prior course materials. As a result, Hearn alleges that he was deprived of a fair opportunity to present a defense. In opposition, Defendants fail to address these allegations and summarily claim that Plaintiff was dismissed solely for academic reasons. Therefore, given this conflict, the Court is unable to conclude that, at the very least, Hearn's procedural due process claim will not survive the forthcoming summary judgment motion practice. Accordingly, Defendants have failed to make a sufficiently "strong showing" that Plaintiff's claims are unmeritorious.

Moreover, Defendants fail to address the second and third applicable factors altogether. Nevertheless, the Court finds that they also militate against a stay of

5

discovery.  Regarding the second factor, there is no indication that Hearn's discovery demands are overly broad or unduly burdensome.  Finally, as to the third factor, the ultimate relief Plaintiff seeks is reinstatement to the Academy.  Accordingly, any delay in the resolution of the instant action would further compound his purportedly wrongful expulsion, and therefore, result in unfair prejudice.  As a result, the Court concludes that Defendants have failed to demonstrate "good cause," and the motion to stay discovery is denied.

### III.  CONCLUSION

For the reasons set forth herein, Defendants' motion for a stay of discovery is denied.

Dated:      Central Islip, New York
            April 16, 2018

                                        s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge